**JACKSON LEWIS P.C.**
Angela Quiles Nevarez (PA #321375)
Malcolm J. Ingram (PA #323201)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
angela.nevarez@jacksonlewis.com
malcolm.ingram@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIAH MORRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>BUCKINGHAM PLACE SNF, LLC<br><br>          Defendant. | **CIVIL ACTION NO.: 19-CV-02726-JS** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
EXTEND THE TIME TO ANSWER PLAINTIFF'S TITLE VII
RETALIATION CLAIM**

Defendant Buckingham Place SNF, LLC ("Defendant"), through its undersigned counsel, hereby files this memorandum of law in support of its Partial Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.     INTRODUCTION**

Plaintiff Mariah Morris ("Plaintiff") filed the within lawsuit against Defendant. The lawsuit stems from Plaintiff's employment with Defendant and asserts two causes of action: (1) race discrimination, retaliation and hostile work environment harassment in violation of 42 U.S.C. Section 1981 ("Section 1981); and (2) race/national origin discrimination, retaliation and hostile work environment harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title

1

VII"). Except for Plaintiff's Title VII retaliation claim, Plaintiff's claims are meritless and subject to summary dismissal.

In her first cause of action, Plaintiff fails to plead specific facts to establish she was subjected to discrimination based on her race in violation of Section 1981. Because Plaintiff's conclusory allegations are not based on race, she cannot maintain *any* claim under Section 1981 against Defendant.

In her second cause of action, Plaintiff fails to plead sufficient facts to establish violations of Title VII because: (a) Plaintiff fails to set forth any factual allegations to establish that her non-black, non-Liberian coworkers received more favorable treatment after engaging in similar conduct, a prerequisite to a viable discrimination claim; and (b) Plaintiff fails to state how often the alleged discriminatory acts occurred or how the alleged conduct detrimentally affected her, prerequisites to a viable hostile work environment claim. For each of these reasons, Plaintiff's Section 1981 claims and Title VII discrimination and hostile work environment claims should be dismissed.

**II.     BACKGROUND/PROCEDURAL HISTORY[1]**

    **A.     FACTUAL BACKGROUND**

Defendant operates a rehabilitation and nursing center at 420 Durham Road, Newtown, Pennsylvania. (Compl. ¶9.)[2] Plaintiff, a black Liberian female, began working for Defendant in 2011 as a Certified Nursing Assistant. (Compl. ¶15.) Plaintiff alleges she began working under the supervision of Director of Nursing Dottie Lesher in December 2016. (Compl. ¶17.) While working under her Lesher's supervision, Plaintiff alleges Lesher consistently made derogatory comments about Plaintiff's accent, told Plaintiff she could not understand her, selectively enforced policies

---

[1] Defendant assumes, for purposes of this Motion only, that the facts alleged in Plaintiff's Complaint are true and accurate.
[2] The reference to "Compl." refers to Plaintiff's Complaint.

against her and ostracized her. (Compl. ¶19.)  She alleges that she complained to Administrator Evelyn Kozlowski, but her concerns were not properly addressed or investigated.   (Compl. ¶20.)

Plaintiff acknowledges that she was terminated in October 2018, shortly after the facility received complaints about her poor performance. (Compl. ¶¶22-28.)  She alleges that the real reason for her termination was because of her complaints about Lesher. (Compl. ¶29.)

### B.    PROCEDURAL HISTORY

On June 24, 2019, Plaintiff filed her Complaint in the United States District Court for the Eastern District of Pennsylvania against Defendants Buckingham Place, SNF d/b/a Buckingham Valley Rehabilitation and Nursing Center and Vintage Healthcare PA, LLC. The claims arise out of Plaintiff's employment with Defendant Buckingham Place. On August 6, 2019, Plaintiff and Defendants stipulated to the dismissal, without prejudice, of all claims against Defendant Vintage Healthcare PA, LLC. On August 6, 2019, the Court approved the joint stipulation and Defendant Vintage was dismissed from the case. On August 23, 2019, the Parties agreed to extend the time within which Defendant Buckingham Place could answer, move, or otherwise plead by 30 days to September 23, 2019. In lieu of filing an answer to Plaintiff's Complaint, Defendant Buckingham files the within partial motion to dismiss.

## III.    LEGAL ARGUMENT

### A.    STANDARD OF REVIEW

A complaint may survive a motion to dismiss under Rule 12(b)(6) only if it states, "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). Following *Iqbal* and *Twombly*, the Third Circuit held that "a complaint must do more than allege the plaintiff's entitlement to relief"; it must "show such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). The facts alleged "must be enough to raise a right to relief above the speculative level[.]'" *Eid v. Thompson,* 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Fowler*, 578 F.3d at 210-11; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." *Iqbal*, 556 U.S. at 678.

## B. **EXCEPT FOR PLAINTIFF'S TITLE VII RETALIATION CLAIM, PLAINTIFF FAILS TO ALLEGE SUFFICENT FACTS TO MAINTAIN CLAIMS AGAINST DEFENDANT UNDER SECTION 1981 OR TITLE VII.**

Counts I and II of Plaintiff's Complaint allege discrimination, retaliation and hostile work environment harassment. Count I alleges race-based claims in violation of Section 1981 and Count II alleges race/national origin-based claims in violation of Title VII. The Third Circuit has held that the legal standard applicable to a Section 1981 case is identical to the standard in a Title VII case. *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009) ("[T]he substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII"). To establish a *prima facie* case for discrimination under these statutes, Plaintiff must plead sufficient facts to establish that (1) she is a member of a protected class; (2) she was qualified for the position or was performing the position satisfactorily; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances

that could give rise to an inference of intentional discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

### 1) **PLAINTIFF FAILS TO STATE A CLAIM FOR DISCRIMINATION, RETALIATION OR HOSTILE WORK ENVIRONMENT HARASSMENT UNDER SECTION 1981.**

Section 1981 requires that a plaintiff, "…allege, *inter alia*, an intent to discriminate on the basis of race by the defendant." *Ford v. Philly Trans Bus Co.*, 2011 U.S. Dist. LEXIS 36989, *6-7 (2011. Essential to an action under Section 1981, therefore, are allegations that the defendant's acts were purposefully discriminatory and racially motivated. *Id.* Naked assertions of race discrimination, with no supporting facts, are insufficient to state a Section 1981 claim. Here, Plaintiff's Complaint fails to allege any facts whatsoever to suggest that Defendant's acts were purposefully discriminatory and racially motivated. Accordingly, Plaintiff's claims under Section 1981 warrant dismissal.

### 2) **PLAINTIFF'S TITLE VII DISCRIMINATION CLAIM IS SUBSTANTIVELY DEFICIENT.**

The Second Count of the Complaint asserts in a conclusory manner that Plaintiff was subjected to discrimination and a hostile work environment because of her race and national origin during her employment with Defendant. Plaintiff's Complaint, however, fails to include sufficient factual allegations to support these claims and to demonstrate that she has plausible claims for relief from discrimination or hostile work environment harassment. *See Iqbal*, 129 S. Ct. at 1949.

Noticeably absent from the Complaint are any facts, which support an inference of discrimination based on Plaintiff's race or national origin, a prerequisite to a viable title VII discrimination claim. Instead, Plaintiff's allegations constitute merely conclusory assertions of

national origin discrimination[3], which must be disregarded at the pleadings stage. *Twombly*, U.S at 55.

Plaintiff's factual allegations fail to establish an inference of discrimination because she mentions nothing about similarly situated coworkers. Rather, Plaintiff only alleges that, "unlike her non-black and/or non-Liberian co-workers, Lesher would consistently make derogatory comments about her accent, tell her that she could not understand her (while simultaneously laughing at her), selectively enforce policies against her, and ostracize her." (Compl. ¶ 19.) Without any factual allegations related to more favorable treatment of similarly situated comparators, no inference of discrimination can be drawn.

Third Circuit District Courts have dismissed discrimination complaints under similar circumstances. *See Braddock v. SEPTA*, No. 13-06171, 2014 U.S. Dist. LEXIS 165235, at *10 (E.D. Pa. Nov. 25, 2014)(dismissing plaintiffs' Title VII and Section 1981 claims where Plaintiff failed to allege similarly situated comparators were treated more favorably and noting that without similarly situated comparators, the Court could not infer discrimination); *Devore v. Cheney Univ. of Pa.*, No. 11-274, 2012 U.S. Dist. LEXIS 71, at *49 (E.D. Pa. Jan. 3, 2012)(dismissing plaintiff's Title VII complaint where plaintiff failed to alleged similarly situated comparators were treated more favorably).

### 3) PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO SUPPORT A CLAIM FOR HOSTILE WORK ENVIRONMENT HARASSMENT UNDER TITLE VII.

To establish *a prima facie* claim under a theory of hostile work environment, a plaintiff must show that 1) she suffered intentional discrimination based on her protected status, 2) the discrimination was pervasive and regular, 3) the discrimination detrimentally affected her, 4) the

---

[3] As mentioned above, Plaintiff alleges no facts whatsoever to suggest that she was subjected to discrimination based on her race.

discrimination would detrimentally affect a reasonable person of the same protected status in the same position, and 5) the existence of *respondeat superior* liability. *See Andrews v. City of Phila.*, 895 F.2d 1469, 1482 (3d. Cir. 1990). To be actionable, "the workplace [must be found to be] permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to . . . create an abusive working environment." *Oberdorf v. Penn Vill. Facility Operations, LLC*, No. 4:15-cv-01880, 2016 U.S. Dist. LEXIS 58339, at *11 (M.D. Pa. May 3, 2016).

Plaintiff has failed to plead sufficient facts to support a hostile work environment claim. Plaintiff alleges Lesher would "consistently make derogatory comments about Plaintiff's accent, tell Plaintiff she could not understand her (while often times simultaneously laughing at her), selectively enforce policies against her, and ostracize her." (Compl. ¶19.) She fails to plead if the comments were on separate occasions or on one occasion and fails to include any dates or even a range of dates. Plaintiff also pleads no facts whatsoever concerning the detrimental effect of the discrimination she suffered.

Plaintiff's failure to establish any support for the second or third elements of her *prima facie* burden is fatal to her hostile work environment claim. *See Oberdorf v. Penn Vill. Facility Operations, LLC*, No. 4:15-cv-01880, 2016 U.S. Dist. LEXIS 58339, at *12 (M.D. Pa. May 3, 2016)(dismissing complaint where plaintiff failed to plead whether the derogatory comments were made on a separate or one occasion and whether the alleged conduct detrimentally affected him); *Olsen v. Ammons*, No. 1:CV-09-0057, 2009 U.S. Dist. LEXIS 111156, at *18 (M.D. Pa. Dec. 1, 2009)(dismissing Complaint where plaintiff failed to plead defendant's conduct detrimentally affected her).

## C. DEFENDANT'S REQUEST FOR AN EXTENSION OF TIME TO ANSWER CLAIM NOT ADDRESSED BY ITS PARTIAL MOTION TO DISMISS.

In light of Defendant's pending Motion to Dismiss all claims except for the Title VII retaliation claim asserted within Count II of the Complaint, Defendant respectfully requests that this Court extend Defendant's time to file an Answer to Plaintiff's Title VII retaliation claim until ten (10) days following the Court's decision on the Motion.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Partial Motion to Dismiss Plaintiff's Complaint for failure to state claims upon which relief may be granted.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Angela Quiles Nevarez*
Angela Quiles Nevarez (PA #321375)
Malcolm J. Ingram (PA #323201)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
angela.nevarez@jacksonlewis.com
malcolm.ingram@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

DATED: September 23, 2019

4834-7750-9030, v. 2